File Name: 05a0500n.06
Filed: June 13, 2005

NOT RECOMMENDED FOR PUBLICATION

No. 04-5734

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| TYRONE TIMOTHY WOOTEN, Executor of the Estate of Elizabeth Ann Clark Wooten,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>HEALTHSOUTH/METHODIST REHABILITATION HOSPITAL, L.P., d/b/a HEALTHSOUTH REHABILITATION HOSPITAL OF MEMPHIS,<br><br>    Defendant-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE<br><br>OPINION |

**Before: BOGGS, Chief Judge, GILMAN, Circuit Judge, and CLELAND, District Judge.**[*]

**RONALD LEE GILMAN**, **Circuit Judge.** In May of 2002, Elizabeth Ann Clark Wooten sustained an intracerebral hemorrhage. For the following month and a half, she received inpatient rehabilitation therapy at HealthSouth/Methodist Rehabilitation Hospital (HealthSouth). She began outpatient therapy when she left the hospital. The incident at issue occurred during an outpatient therapy session in September of 2002, when Wooten, who was momentarily unattended, toppled

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

over onto the floor while sitting on a rehabilitation mat.  According to her son, she sustained injuries that led to her death three days later.

The son, Tyrone Timothy Wooten, brought a wrongful death action in April of 2003, alleging that HealthSouth was negligent in allowing his mother to topple over.  HealthSouth asserted that this was a medical malpractice suit, requiring expert testimony to establish the applicable standard of care and to opine on whether HealthSouth had complied with that standard.  Tyrone Wooten tendered no expert witnesses within the deadline established by the district court's scheduling order, contending instead that his suit was an ordinary negligence claim based upon the "common knowledge exception."  The district court disagreed and, after denying a motion by Tyrone Wooten for an extension of time to disclose his expert witnesses, granted summary judgment to HealthSouth. This timely appeal followed.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, we conclude that the district court did not err in granting summary judgment to HealthSouth. Because the reasoning that supports the judgment has been clearly articulated by the district court in a thorough and comprehensive nine-page decision, the issuance of a detailed written opinion by us would be unduly duplicative.  Accordingly, the judgment rendered by the Honorable Samuel H. Mays, United States District Court Judge for the Western District of Tennessee at Memphis, is **AFFIRMED** on the basis of the reasoning detailed in his Order dated May 20, 2004.